UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-131-HRW

JOHN V. OTT, PLAINTIFF,

v.  **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a disability insurance benefits on May 23, 2002, followed by an application for supplemental security income benefits on June 11, 2002 (Tr. 412-414), alleging disability beginning on August 1, 2001, due to back problems resultant from a motor vehicle accident, numbness

in hands/feet, silent seizure, shortness of breath, history of alcohol abuse, depression and mild restrictive lung disease (Tr. 419). Both applications were denied initially and on reconsideration (Tr. 391-396, 401-403).

On August 3, 2004, an administrative hearing was conducted by Administrative Law Judge James d. Kemper (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 31-54). At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 54-59).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

2

>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 2, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 18-29). Plaintiff was 51 years old at the time of the hearing decision with a 9th grade, "limited" education (Tr. 19). His past relevant work experience consists of work as a grave marker, plant production worker and miscellaneous plumbing, air condition and electrical work (Tr. 19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 27).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative lumbar disc disease, chronic knee pain, history of seizure disorder, dysthymic disorder and history of alcohol abuse (in remission), which he found to be "severe" within the meaning of the Regulations (Tr. 28).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28). In doing so, the ALJ specifically considered listings 1.00, 11.00, 11.02, 11.03 and 12.04 (Tr. 21).

3

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 28) but determined that he has the following residual functional capacity ("RFC"):

> [T]o lift and/or carry up to twenty pounds occasionally and ten pounds frequently. He should only occasionally climb, balance, stoop, kneel, crouch and crawl. He should avoid operation of foot controls. He is "moderately" limited in the ability to: understand, remember, and carry out detailed instructions and in the ability to interact appropriately with the general public.

(Tr. 28).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as filling machine tender, custodian and electronics assembler (Tr. 28). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28, 56). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 20, 2005 (Tr. 8-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment

4

[Docket Nos. 12 and 13] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

5

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not accord proper weight to the opinion of his treating physician, David Jester, M.D., (2) the ALJ did not find that Plaintiff met the requirements of Listing 1.04 and (3) the hypothetical propounded to the VE by the ALJ was incomplete.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not accord proper weight to the opinion of his treating physician, David Jester, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The regulations do not elevate a treating physician's opinion from scrutiny simply by virtue of the treating relationship. *Id.* Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff relies emphatically upon Dr. Jester's "To Whom It May Concern" letter dated September 20, 2002 in which he states "I feel it is unlikely that

6

[Plaintiff] will be able to return to gainful employment on any regular basis" {Tr. 511]. The ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Moreover, Dr. Jester's own treatment do not support such significant impairment. For example, on March 20, 2002, Dr. Jester reported that Plaintiff did not have any neurological compromise (Tr. 514). Further, the other medical evidence of record, a consultative examination performed on September 18, 2002 by Robert Franklin, M.D. (Tr. 506-510) and assessments from two state agency physicians (Tr. 468-475 and 525-532) reveal an ability to perform work-related activities. Indeed, the ALJ's RFC's reflects a more limited physical functional capacity than suggested by the state agency physicians.

The ALJ is vested with the authority to evaluate the medical evidence and the testimony taken at the hearing in order to fashion the RFC. 20 C.F.R. §§ 404.1545, 404.1546( c), 416.945, 416.946( c) (2005). In this case, given the lack of supporting documentation, and the contradictory evidence, the Court finds no

7

error in the ALJ's consideration of Dr. Jester's opinion. The Court further finds the ALJ's evaluation of the medical evidence to be supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ did not find that he met the requirements of Listing 1.04.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each

8

impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id*. (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 1.04 deals with disorders of the spine. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (2005). In this case, the only "argument" Plaintiff makes in support of his assertion of presumptive disability, is that January 8, 2002 report of an MRI of his lumbar spine "could form the basis" of the listed impairment. Yet, the report does not provide all the facts necessary to satisfy the subject listing. Plaintiff fails to point to or provide medical records which would show that he meets all the criteria of Listing 1.04. As such, Plaintiff has failed to carry his burden.

Finally, Plaintiff contends the hypothetical propounded to the VE by the ALJ was incomplete. Specifically, Plaintiff argues the ALJ failed to include all of

9

his mental impairments.

This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypothetical posed accurately portray the RFC as formulated based upon the objective medical evidence. As for the mental limitations therein, they are clearly supported by the April 24, 2003 mental residual capacity assessment completed by Helen Clark, a state agency psychologist (Tr. 533-536). The record is devoid of credible medical evidence suggesting mental impairment beyond that found by the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  25  day of July, 2006.

                                                  Henry R. Wilhoit, Jr., Senior Judge